# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ALBERT A. ONTIVEROS,

    Petitioner,

v.

RALPH DIAZ,

    Respondent.

Case No. 19-cv-05662-EMC

**ORDER TO SHOW CAUSE**

Docket Nos. 1, 2, 7

## I. INTRODUCTION

Albert A. Ontiveros, an inmate at the Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

The petition and attachments thereto provide the following information:

Mr. Ontiveros is serving a sentence of 13 years eight months imposed by the Alameda County Superior Court on August 23, 2010. Docket No. 1 at 1. In this action, he challenges a loss of time credits that will affect the duration of his confinement.

In 2011, Mr. Ontiveros was found guilty of violating California Code of Regulations Title 15 section 3016(a), which prohibits the misuse of alcohol and drugs. Although Mr. Ontiveros was found guilty of the disciplinary offense in 2011, the loss of time credits was not assessed until six years later, on January 31, 2017.

Mr. Ontiveros filed unsuccessful petitions for writ of habeas corpus in the California courts challenging the disciplinary decision. He then filed this action.

### III. DISCUSSION

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for state law errors. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011).

Mr. Ontiveros alleges three "claims" in his petition. First, he contends that he was denied an opportunity to be heard at a meaningful time and in a meaningful manner because prison officials did not comply with the CDCR's Department Operations Manual § 52080.5.7, which required that any credit loss be assessed at the "next scheduled meeting" with the Classification Committee following the completion of the disciplinary process. Docket No. 1 at 5. This claim must be dismissed because it alleges an error under state law. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The Supreme Court has repeatedly held that federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. at 220. The state law error claim is dismissed.

Second, Mr. Ontiveros claims that prison officials impeded his efforts to exhaust administrative remedies because his property was confiscated and then was slow to get back to him. *Id.* Whether prison officials impeded his efforts to exhaust administrative remedies might be relevant to a determination of whether his claims are procedurally default due to nonexhaustion of administrative remedies. (The California Supreme Court rejected his habeas petition for failing to

exhaust administrative remedies. *See* Docket No. 1 at 9.) But the contention does not state a claim upon which federal habeas relief may be granted because any impediment to the prisoner's ability to exhaust administrative remedies does not imply that the prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. In other words, the exhaustion or nonexhaustion of administrative remedies does not show that he is in custody in violation of the Constitution, laws, or treaties of the United States. The second claim is dismissed.

Third, Mr. Ontiveros claims that the taking of time credits six years after the disciplinary hearing violates due process. Docket No. 1 at 5, 7. The claim does not appear to be patently meritless; it warrants a response from Respondent.

Fourth, Mr. Ontiveros claims that the taking of time credits six years after the disciplinary hearing violates his right to equal protection because other inmates did not experience such a delay in having their time credits taken away. Docket No. 1 at 5, 7. The claim does not appear patently meritless; it warrants a response.

### IV.     CONCLUSION

For the foregoing reasons,

1. The petition's due process and equal protection claims warrant a response. All other claims are dismissed.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **February 21, 2020**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition. **If Respondent wants to argue procedural default or any other procedural defense, he may do so, but must in the same filing address the merits of the due process and equal protection claims**.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse

3

with the court and serving it on Respondent on or before **March 20, 2020**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **DENIED** because he has sufficient funds to pay the filing fee. Docket Nos. 2 and 7. Petitioner must pay the $5.00 filing fee no later than **January 24, 2020**, or the action will be dismissed.

**IT IS SO ORDERED**.

Dated: December 20, 2019

_____
EDWARD M. CHEN
United States District Judge